IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS CANO,

    Plaintiff,

  v.

GEORGIA-PACIFIC CORRUGATED, LLC, and DOES 1–50, inclusive,

    Defendants.

No. C 10-01385 WHA

**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT**

## INTRODUCTION

In this discrimination action against plaintiff's former employer, this order enforces a settlement agreement as embodied in a "Memorandum of Offer In Settlement of Lawsuit" signed by plaintiff Carlos Cano on October 20, 2010, and accepted in writing by defendant Georgia-Pacific the following day.

## STATEMENT

Defendant Georgia-Pacific Corrugated, LLC filed the instant motion to enforce an alleged settlement agreement on November 29, 2010. Georgia-Pacific noticed a hearing on the motion for January 6, 2011, meaning that plaintiff Carlos Cano's opposition or statement of non-opposition to the motion was due on December 16, 2010. No such filing was made. In lieu of an opposition, Cano's counsel of record, Eugene T. Franklin, filed a document on December 9 entitled "Plaintiff's Application for Suspension of the Proceeding on Defendant's Motion to

Enforce Settlement Agreement" and a supporting declaration. This submission represented that Cano opposed Georgia-Pacific's motion, but that the attorney-client relationship between Cano and Franklin had deteriorated completely such that Franklin was unable to provide effective legal representation. On December 23, an order to show cause was issued directing both Cano and his counsel of record (still Franklin) to appear at the January 6 hearing and show cause as to why the alleged settlement agreement should not be enforced. Franklin was reminded that as counsel of record he owed continuing obligations to his client and was expected to procure Cano's presence at the January 6 hearing.

The relevant facts, as alleged by Georgia-Pacific and supported by authenticated documents and sworn declarations, are as follows. On February 19, 2010, Cano filed this action against his former employer, asserting discrimination based on national origin and related claims. On October 20, 2010, the parties participated in an early neutral evaluation. At this session, Cano signed a "Memorandum of Offer in Settlement of Lawsuit," in which he offered to settle the action in exchange for a specified settlement amount if Georgia-Pacific accepted the terms of the offer via email or facsimile by 5:00 p.m. on October 21, 2010. In particular, the Memorandum stated: "Each party agrees to sign, acknowledge and deliver to the other a standard form of a Release of all such claims and causes of action. Plaintiff agrees to sign and deliver to Defendant a standard form of Dismissal with Prejudice of the Action." Georgia-Pacific tendered acceptance of Cano's offer via email at 3:21 p.m. on October 21, and Cano's counsel acknowledged receipt of that email at 3:35 p.m. that day.

On October 22, Georgia-Pacific's counsel informed the Early Neutral Evaluator via email that "the parties have reached a settlement" and "final papers are being prepared and will be exchanged when completed." Cano's counsel was copied on this email and did not dispute its contents. On October 26, the Evaluator filed a Certification of ADR Session, confirming that the case had fully settled. On November 2, the parties (through their respective counsel) came to an accord as to all terms of a formal settlement-agreement-and-release document. On November 11, however, Cano's counsel informed Georgia-Pacific that Cano was no longer agreeable to the

2

settlement and would not sign a formal settlement-agreement-and-release document. No other explanation was given.

A hearing was held on January 6, 2011. As ordered, Cano and his attorney Franklin both were present, along with a Spanish-language interpreter for Cano. During the hearing, the parties agreed that the October 20 offer memorandum signed by Cano constituted a complete settlement offer and that its acceptance by Georgia-Pacific the following day formed a settlement agreement. The parties also explained that the settlement-agreement-and-release document drafted on November 2 included additional terms not present in the October 20 offer memorandum, including a waiver of certain claims that were not brought in this action. During the hearing, Franklin represented that Cano now wished to cancel or repudiate the October 20 offer memorandum, but that good cause for doing so — such as coercion or mental incompetence — could not be shown. Franklin also represented that Cano understood the risks associated with proceeding to trial instead of settling his case.

**ANALYSIS**

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case bending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The construction and enforcement of settlement agreements are governed by the principals of local contract law regardless of whether the underlying cause of action is federal. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992). Under California law, the essential elements for breach of contract are (1) the contract, (2) performance or excuse for nonperformance by the party seeking enforcement, (3) breach by the party against whom enforcement is sought, and (4) resulting damages to the party seeking enforcement. *Reichert v. Gen. Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968). In order for a settlement agreement to be enforceable, it must be complete, and the parties must have agreed on its material terms and intended to be bound by them. *Callie*, 829 F.2d at 890–91. Additionally, both parties must have either agreed to the terms of the settlement themselves or authorized their respective counsel to settle the dispute. *Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir. 1977).

3

1    Here, all the requirements for enforcing the parties' settlement are satisfied. Contractual offer and acceptance were made on October 20 and 21, respectively, and the exchange of a settlement payment for dismissal with prejudice is an exceedingly common form of consideration. The October 20 offer memorandum contains all the essential terms of a settlement agreement, so its acceptance by Georgia-Pacific formed a complete settlement agreement defined by those terms. The failed attempt to negotiate a more comprehensive agreement on November 2 neither adds to nor subtracts from the settlement agreement reached the previous month.

Thus, a contract was formed under which the parties agreed to settle this action on the terms set forth in the October 20 offer memorandum. Plaintiff Cano has not shown any reason why this settlement agreement should not be enforced. The definite terms of the complete settlement, as well as the parties' intent and agreement to be bound by them, can be ascertained from the offer memorandum itself and the acceptance email. Georgia-Pacific represented at the hearing that it is willing to perform under the terms of the offer memorandum, but Cano has breached by refusing to comply. Cano's decision to back out of the deal has caused Georgia-Pacific damage in the form of additional litigation costs.

**CONCLUSION**

For the reasons stated, defendant's motion to enforce the settlement agreement is **GRANTED** as to the terms contained in the October 20 offer memorandum. Additional terms from the November 2 settlement-agreement-and-release document or from so-called standard practice will not be enforced as they were not mutually agreed. The parties shall perform under the terms of their settlement agreement, as set forth in the Memorandum of Offer In Settlement of Lawsuit signed by Carlos Cano on October 20, 2010. Payment shall be made by **JANUARY 20, 2011**. Upon defendant's certification under oath of payment, this case will be dismissed.

**IT IS SO ORDERED.**

Dated: January 6, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4